UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § § | |
| Petitioner, § § | |
| v. § | CRIMINAL NO. W-6:16-CR-18 |
| § § § | |
| DEANGELO CORTEZ SWINDLE, § § | |
| Respondent. § | |

## ORDER

Before the Court is the Movant United States' § 2244 Motion to Dismiss prisoner Deangelo Cortez Swindle's second or successive habeas corpus application, filed on July 9, 2020. ECF No. 134. Swindle responded on July 17, 2020. ECF No. 135. For the following reasons, the government's § 2244 Motion is **DENIED**.

### Procedural Background

On October 10, 2018, Swindle filed a § 2255 Motion to vacate his sentence, alleging ineffective assistance of counsel. ECF No. 119. On August 7, 2019, this Court denied Swindle's motion. ECF No. 124. Months later, on February 4, 2020, this Court found that Swindle's trafficking offense constituted a "sex offense" under the Sex Offender Registration and Notification Act (SORNA). ECF No. 135 at 4. This new designation imposed upon Swindle a federal duty to register on top of his preexisting state duty to register; upon release, Swindle is obligated to register as a sex offender in any state to which he travels. *Id*. Following the reconstitution of his offense, Swindle filed a second § 2255 Motion on May 18, 2020. ECF No. 130.

1

## Discussion

The government urges this Court to dismiss Swindle's § 2255 motion pursuant to 28 U.S.C. § 2244. Section 2244 states, "[b]efore a second or successive [§ 2255 motion] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." According to the government, because Swindle made no such motion with the Fifth Circuit Court of Appeals, his second § 2255 motion in May 2020 constitutes a "second or successive" habeas application and must be denied for lack of jurisdiction. However, Swindle's second § 2255 motion is not a second or successive habeas application within the meaning of § 2244.

After a court issues a new judgment, a § 2255 motion challenging that new judgment is not a second or successive habeas application. *In re Lampton*, 667 F.3d 885, 888 (5th Cir. 2012). A partial resentencing that results in the imposition new of post-release obligations constitutes a new judgment because it alters the prisoner's sentence. *In re Stansell*, 828 F.3d 412, 419 (6th Cir. 2016). Thus, the redesignation of Swindle's offense in February 2020 is a new judgment, which means that Swindle's § 2255 Motion in May 2020 is not a second or successive habeas application under § 2244. Thus, the government's Motion to Dismiss under § 2244 is **DENIED**.

## Conclusion

For the foregoing reasons, the government's Motion to Dismiss is **DENIED**.

Accordingly,

**IT IS ORDERED** that Movant United States' Motion to Dismiss under 28 U.S.C. § 2244 (ECF No. 134) is **DENIED**.

**IT IS FURTHER ORDERED** that the government shall issue a response to Swindle's § 2255 Motion (ECF No. 130) on or by June 8, 2021.

It is so **ORDERED**.

**SIGNED** this 25th day of May,  2021.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE